UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

MICHAEL PAVEY,

    Petitioner,

V.

GARY BECKSTOM, Warden,
Eastern Kentucky Correctional
Complex,

    Respondent.

CIVIL ACTION NO. 2:13-112-KKC

**OPINION AND ORDER**

\*\*\* \*\*\* \*\*\*

This matter is before the Court on petitioner Michael Pavey's petition for writ of habeas corpus (DE 1) filed pursuant to 28 U.S.C. § 2254. The magistrate judge recommends that the petition be denied (DE 19) and Pavey has filed objections to the recommendation (DE 20).

After a trial in state court, the jury found Pavey guilty of first-degree stalking and of being a second-degree persistent felony offender (PFO). The stalking charge related to actions that Pavey took with regard to Deana O'Hara whom he dated for about six months before she ended the relationship. Pavey was sentenced to 10 years due to his PFO status.

In a later trial, a jury also found Pavey guilty of perjury in the first degree with regard to his testimony at a suppression hearing held before his stalking/PFO trial. As part of an agreement on sentencing on the perjury charge, Pavey agreed to withdraw his direct appeal of the stalking and PFO convictions. He was sentenced to three and one-half years on the perjury charge to be served consecutive to the ten-year sentence on the stalking and PFO charges for a total sentence of 13 and one-half years.

In his petition, Pavey asserts three claims of ineffective assistance of counsel. The magistrate judge determined that none of the three entitles him to relief. Pavey's objections to the magistrate judge's determination primarily deal with one of his ineffective assistance of counsel claims. He asserts that his counsel was ineffective in the stalking/PFO trial for failing to impeach witness Samantha Scott about allegedly inconsistent statements she made regarding the date that Pavey left a threatening voicemail for O'Hara.

There were two state trials on the stalking/PFO charge. The first resulted in a mistrial after the jury reported it was deadlocked. In both trials, Scott testified that she listened to a threatening voicemail message that Pavey left for O'Hara.

Pavey argues that, in the first trial, Scott testified that she listened to the recording in the summer of 2006 while in the second trial she testified that she listened to it in January 2007. This is important, Pavey argues, because a first-degree stalking charge required the jury to find that he stalked or threatened O'Hara while a protective order was in place. KRS § 508.140(1). A domestic violence order against Pavey was not entered until November 2006.

The state appellate court concluded that trial counsel's performance was not deficient because Scott's testimony was not actually inconsistent. The court determined that, in the first trial, Scott did not ever testify as to precisely when Pavey left the voicemail and that, in the second trial, Scott testified that she heard the recording in January 2007.

The state appellate court further determined that, even if Scott's testimony regarding when she heard the recording were inconsistent and even if Pavey's trial counsel were deficient for not impeaching her, there was no prejudice because sufficient other evidence existed to support Pavey's stalking conviction. The magistrate judge determined that the

2

state appellate court's rejection of this claim was not an unreasonable application of *Strickland v. Washington*, 466 U.S. 668 (1984).

In his objections, Pavey continues to argue that the voicemail did not actually contain a threat by him to "come after" O'Hara upon his release from jail as Scott testified that it did. He also continues to argue that his counsel should have impeached Scott regarding the date that Pavey left the message. He overlooks the Kentucky Court of Appeals' determination that, even discounting Scott's testimony entirely, there was sufficient other evidence to support his stalking conviction. This evidence included threats made by Pavey after the DVO was entered against him. Thus, Pavey was not prejudiced by his counsel's failure to impeach Scott over any inaccuracies or inconsistencies in her testimony.

In his petition, Pavey also argued that his counsel was ineffective at his suppression hearing and at sentencing. The magistrate judge correctly determined that these claims were procedurally defaulted because Pavey did not present them on appeal of the trial court's denial of his post-conviction petition for relief. Thus, this court cannot consider the merits of these claims unless Pavey demonstrates "cause for the default and prejudice resulting from the default, or that a miscarriage of justice will result from enforcing the procedural default in the petitioner's case." *Seymour v. Walker*, 224 F.3d 542, 550 (6th Cir.2000).

The magistrate judge determined that Pavey had not demonstrated cause, prejudice or that a fundamental miscarriage of justice would result if this court enforces the procedural default on these issues.

To demonstrate a fundamental miscarriage of justice, a petitioner must show that he is actually innocent. *See Hanna v. Ishee*, 694 F.3d 596, 607 n.4 (6th Cir. 2012); *Murray v. Carrier*, 477 U.S. 478, 496 (1986). Pavey has not made such a showing.

3

Accordingly, he must show both cause for the default and prejudice resulting from it. Pavey only cursorily addresses this issue in the conclusion of his objections, stating that it is possible his counsel omitted these other claims on appeal because of a death in counsel's family. Even assuming this could be established, attorney error on appellate review of a post-conviction proceeding cannot constitute "cause" to excuse procedural default. *Carter v. Mitchell*, 693 F.3d 555, 565 (6th Cir. 2012); *Coleman. v. Thompson*, 501 U.S. 722, 756-57 (1991). This is because Pavey had counsel for the initial collateral review by the trial court and there is no constitutional right to an attorney for an appeal of that review. *Coleman*, 501 U.S. at 756-57.

But even if Pavey could demonstrate cause, he has not shown prejudice. To show prejudice, a petitioner must show a reasonable probability that the outcome of his trial would have been different. *See Mason v. Mitchell*, 320 F.3d 604, 629 (6th Cir.2003)). Pavey has not addressed this issue and the Court finds no prejudice based on the record before it.

For all these reasons, the Court hereby ORDERS as follows:

1) the magistrate judge's recommendation (DE 19) is ADOPTED as the opinion of the Court;

2) the petition for writ of habeas corpus (DE 1) is DENIED; and

3) judgment will be entered consistent with this opinion.

Dated May 12, 2015.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY